IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| J3 ENERGY GROUP, INC., | : | BANKRUPTCY NO.: 5-14-bk-00532-JJT |
| DEBTOR | : | |
| WILLIAM G. SCHWAB, AS CHAPTER 7 TRUSTEE OF J3 ENERGY GROUP, INC., | : | {**Nature of Proceeding**: Plaintiff's Motion for Summary Judgment (Doc. #9)} |
| PLAINTIFF | : | |
| vs. | : | |
| RODMAN R. HECKMAN, III and KEYSTONE CONSULTING PARTNERS, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-16-ap-00155-JJT** |

# OPINION[1]

Pending before me is a Motion for Summary Judgment filed by William G. Schwab, as Chapter 7 Trustee of J3 Energy Group, Inc. against the Defendants, Rodman R. Heckman, III and Keystone Consulting Partners. The Court has reviewed the Motion, as well as the documents in support and in opposition to the Motion filed thereto, and finds the Motion should be denied. The Court finds the better course to follow would be to proceed with a trial on the issues. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505, 9 L.Ed.2d 202 (1985).

The allegations of the Amended Complaint parrot those in a companion adversary proceeding filed to adversary number 5-16-ap-00153-JJT. However, in this adversary, the Plaintiff is making allegations that the Defendants performed professional services in the form of

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

accounting, management, and/or consulting services. The Defendant, Rodman R. Heckman, III, has answered that Keystone Consulting Partners is a fictitious name utilized by Mr. Heckman, and there is no basis for relief against that entity. Mr. Heckman further answered that he was not a professional, nor was he employed as a professional by the Debtor. Rather, he asserts he was hired in the ordinary course by the Debtor to replace certain employees that left the services of the Debtor, and as such, he need not be appointed as a professional under 11 U.S.C. § 327.

Local Rule of Bankruptcy Procedure 7056-1 makes applicable to Motions for Summary Judgment, Local Rule 56-1 of the United States District Court for the Middle District of Pennsylvania. Pursuant to LR 56-1, a Motion for Summary Judgment should be accompanied by "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." Once again, as the Court did in adversary number 5-16-ap-00153-JJT, I will assume that the Motion's numbered paragraphs 3 through 12 under the title of "Statement of Relevant Undisputed Facts" are the Plaintiff's separate, short and concise statement of material facts as to which the Plaintiff contends there is no genuine issue to be tried. Defendant's response to Plaintiff's paragraph 9 creates a dispute of a material fact by arguing that the Defendant was neither hired nor employed as a professional subject to appointment under the terms of the Bankruptcy Code. Defendant contends that he was simply hired in the ordinary course of the Debtor's business to replace employees that left the services of the Debtor and furthermore provided neither accounting nor consulting services.

It is for all these reasons that Plaintiff's Motion for Summary Judgment is denied.

All discovery shall be completed on or before April 10, 2017. Dispositive motions shall

be filed on or before April 25, 2017.  Trial on the merits is scheduled for **MAY 23, 2017**, at **9:30** o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

By the Court,

Date: February 24, 2017

John J. Thomas, Bankruptcy Judge

(CMS)